UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CURTIS TREY SEASTRUNK, ) | |
| ) | |
|     Plaintiff/Counter-Defendant, ) | |
| ) | CIVIL ACTION NO. |
| VS. ) | |
| ) | 3:05-CV-0531-G |
| DARWELL INTEGRATED ) | |
| TECHNOLOGY, INC., ) | **ECF** |
| ) | |
|     Defendant/Counter-Plaintiff, ) | |
| ) | |
| AND ) | |
| ) | |
| ROGER DARISSE, ) | |
| ) | |
|     Defendant. ) | |
| -------------------------------------------------------- ) | |
| DARWELL INTEGRATED ) | |
| TECHNOLOGY, INC., ) | |
| ) | |
|     Third Party Plaintiff, ) | |
| ) | |
| VS. ) | |
| ) | |
| CURTIS TREY SEASTRUNK, and ) | |
| SITE MONITORING SOLUTIONS, ) | |
| INC., ) | |
| ) | |
|     Third Party Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is the motion of the defendants Darwell Integrated Technology, Inc., Roger Darisse, and DTS International Inc. (collectively, "defendants") to dismiss the complaint against them for lack of jurisdiction over the subject matter and for failure to state a claim upon which relief can be granted. For the reasons stated below, the motion is granted in part and denied in part.

### I.  BACKGROUND[1]

On May 9, 2005, the defendants filed a motion to dismiss against the plaintiff Curtis Trey Seastrunk ("Seastrunk"). Docket Sheet. In a memorandum order and opinion issued July 15, 2005, the court granted this motion and dismissed the contested claims without prejudice. *Seastrunk*, 2005 WL 1667811, at *5. With leave of the court, Seastrunk filed an amended complaint on January 19, 2006, attaching a document entitled "Amended Agreement for Assignment of Copyright." Docket Sheet; Plaintiff's First Amended Complaint ("Amended Complaint"). Soon after, on January 29, 2006, the defendants filed the instant motion, seeking dismissal of the claims against it. Docket Sheet.

---

[1]   For a complete background of this case, please refer to the court's memorandum opinion and order issued July 15, 2005. *Seastrunk v. Darwell Integrated Technology, Inc.*, No. 3:05-CV-0531-G, 2005 WL 1667811 (N.D. Tex. July 15, 2005).

- 2 -

## II.  ANALYSIS

### A.  Dismissal for Lack of Standing Under Rule 12(b)(1)

Rule 12(b)(1) of the Federal Rules of Civil Procedure authorizes the dismissal of a case for lack of jurisdiction over the subject matter.  *See* FED. R. CIV. P. 12(b)(1).  A motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction must be considered by the court before any other challenge because "the court must find jurisdiction before determining the validity of a claim."  *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994) (internal citation omitted); see also *Ruhrgas AG v. Marathon Oil Company*, 526 U.S. 574, 577 (1999) ("The requirement that jurisdiction be established as a threshold matter . . . is inflexible and without exception") (citation and internal quotation marks omitted).  On a Rule 12(b)(1) motion, which "concerns the court's 'very power to hear the case . . . [,] the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.'"  *MDPhysicians & Associates, Inc. v. State Board of Insurance*, 957 F.2d 178, 181 (5th Cir.) (quoting *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.), *cert. denied*, 454 U.S. 897 (1981)), *cert. denied*, 506 U.S. 861 (1992).  In ruling on a motion to dismiss under Rule 12(b)(1), the court may rely on:  "1) the complaint alone; 2) the complaint supplemented by undisputed facts; or 3) the complaint supplemented by undisputed facts and the court's resolution of disputed facts."  *MCG, Inc. v. Great*

*Western Energy Corporation*, 896 F.2d 170, 176 (5th Cir. 1990) (citing *Williamson*, 645 F.2d at 413).

The standard for reviewing a motion under Rule 12(b)(1), however, depends on whether the defendants make a facial or factual attack on the plaintiff's complaint. *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). The defendants make a facial attack by the mere filing of a Rule 12(b)(1) motion. *Id.* In that case, the trial court must look at the sufficiency of the allegations in the complaint, which are presumed to be true. *Id.* The defendants make a factual attack, on the other hand, by providing affidavits, testimony, or other evidentiary materials challenging the jurisdiction of the court. *Id.* In a factual attack, the plaintiff is also required to submit facts in support of jurisdiction and has the burden of proving, by a preponderance of the evidence, that the trial court has subject matter jurisdiction over the claims. *Middle South Energy, Inc. v. City of New Orleans*, 800 F.2d 488, 490 (5th Cir. 1986).

Importantly, lack of Article III standing is a defect in subject matter jurisdiction. See *Bender v. Williamsport Area School District*, 475 U.S. 534, 541-42 (1986); *O'Shea v. Littleton*, 414 U.S. 488, 493-95 (1974). Therefore, when a plaintiff lacks standing to sue in federal court, it is appropriate for the court to dismiss the action, pursuant to Rule 12(b)(1), for want of subject matter jurisdiction. See *Chair*

*King, Inc. v. Houston Cellular Corporation*, 131 F.3d 507, 509 (5th Cir. 1997); *Bender*, 475 U.S. at 541.

Here, the defendants make a facial attack on the plaintiff's complaint -- rather than providing additional evidentiary materials, they merely cite the plaintiff's amended complaint and attached documents. *See generally* Rule 12 Pre-Answer Motions to Plaintiff's First Amended Complaint: Motion to Dismiss for Lack of Subject Matter Jurisdiction, Motion to Dismiss for Failure to State a Claim Upon Which Relief Can be Granted ("Motion"). Therefore, the court presumes Seastrunk's amended complaint to be true. Although couched in multiple arguments that Seastruck lacks standing (many of which were made in their original motion to dismiss), the defendants' contentions can be summed up as follows: while Seastruck obtained an amended assignment of rights, the amendment fails to "expressly grant [Seastrunk] the right to bring accrued causes of action" and thus does not satisfy the requirement, imposed by § 204(a) of the Copyright Act, that transfers of copyright ownership must be in writing. *Id*. at 3 (quoting *Seastrunk*, 2005 WL 1667811, at *5), 6 ("Neither this Court nor these Defendants are capable of discerning i) an explicit transfer of any assignment for the works in question; and ii) the right to sue for past infringement on such works.") (emphasis removed). Urging dismissal of all claims on the basis of this allegedly insufficient assignment, the defendants' motion for dismissal for lack of standing can be decided by determining whether the amended

assignment properly transferred to Seastrunk the right to bring accrued causes of action for infringement.[2]

As stated in the court's previous order of dismissal, "an assignment of copyright must expressly assign the right to bring accrued claims." *Seastrunk*, 2005 WL 1667811, at *5 n.2. This assignment "doesn't have to be the Magna Charta; a one-line pro forma statement will do." *Lyrick Studios, Inc. v. Big Idea Productions, Inc.*, 420 F.3d 388, 392 (5th Cir. 2005) (quoting *Effects Associates, Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990)), *cert. denied*, — U.S. —, 126 S. Ct. 1653 (2006). Although the agreement does not have to contain any magic language, *Radio Television Espanola S.A. v. New World Entertainment, Ltd.*, 183 F.3d 922, 927 (9th Cir. 1999), the wording must evidence an agreement to transfer copyright or other rights. *Playboy Enterprises,*

---

[2] The court notes multiple spellings of the assignor's name, by both the plaintiff and the defendants. *See generally* Motion at 3 (Furhmann, Fuhrman); Plaintiff's Response to Defendants' Rule 12 Pre-Answer Motions to Plaintiff's First Amended Complaint, and Brief in Support Thereof at 5 (Fuhrmann); Appendix to Plaintiff's Response to Defendants' Rule 12 Pre-Answer Motions to Plaintiff's First Amended Complaint, and Brief in Support Thereof ("Appendix") at 2 (Fuhrmann); Defendants' Reply to Plaintiff's Response to Defendants' Rule 12 Pre-Answer Motions to Plaintiff's First Amended Complaint, and Brief in Support ("Reply") at 7 (Furhman); Amended Complaint at 3, 7 (Furhman, Furhmann); Agreement for Assignment of Copyright ("Assignment") *attached to* Amended Complaint *as* Exhibit A (Fuhrmann); Amended Agreement for Assignment of Copyright ("Amended Assignment") *attached to* Amended Complaint *as* Exhibit B (Fuhrmann); Copyright Registration of Protocol Converter *attached to* Amended Complaint *as* Exhibit C (Fuhrmann); Royalty Agreement *attached to* Amended Complaint *as* Exhibit E (Fuhrmann). The court assumes all spellings refer to the same individual, and for the sake of consistency will use the spelling "Fuhrmann" -- this being the one used for the signature line in multiple documents. *See* Assignment; Amended Assignment; Royalty Agreement.

*Inc. v. Dumas*, 53 F.3d 549, 564 (2d. Cir.), *cert. denied*, 516 U.S. 1010 (1995). Whether a writing satisfies the § 204(a) writing requirement is one of law. *Lyrick Studios*, 420 F.3d at 392.

Here, the initial agreement between Seastrunk and Fuhrmann did not contain an express assignment of the right to bring causes of action for infringement that accrued prior to the assignment of copyright. However, "[a]n after-the-fact writing can validate an agreement from the date of its inception, at least against challenges to the agreement by third parties." *Lyrick Studios*, 420 F.3d at 392 (citing *Billy-Bob Teeth, Inc. v. Novelty, Inc.*, 329 F.3d 586, 591 (7th Cir. 2003); *Magnuson v. Video Yesteryear*, 85 F.3d 1424, 1429 (9th Cir. 1996); *Imperial Residential Design, Inc. v. Palms Development Group, Inc.*, 70 F.3d 96, 99 (11th Cir. 1995); *Eden Toys, Inc. v. Florelee Undergarment Company, Inc.*, 697 F.2d 27, 36 (2d. Cir. 1982)). When interpreting these writings, courts generally use state contract law; interpretation of a contract in light of copyright policy is necessary only if the intent of the parties cannot be otherwise ascertained from contractual language and the surrounding circumstances. *Johnson v. Jones*, 885 F. Supp. 1008, 1014 (E.D. Mich. 1995), *aff'd in part, rev'd in part*, 149 F.3d 494 (6th Cir. 1998).

In the case *sub judice*, the contracts between Seastrunk and Fuhrmann, in conjunction with the circumstances of the case, indicate a sufficient transfer of rights. The defendants' original motion to dismiss for lack of standing was granted by this

court without prejudice, the court noting that, should Seastrunk and Fuhrmann execute an amended assignment, Seastrunk might then have standing to pursue his copyright and related claims. After that order, Seastrunk and Fuhrmann amended their assignment, altering the contract "as clarification of the intent of the parties' original Agreement for Assignment of Copyright" and including the statement that "Fuhrmann . . . did grant, sell and convey to Seastrunk . . . without limitation, all claims and rights to assert past, present, and future claims, concerning the infringement of the Software by third parties." Amended Assignment. In conjunction with Seastrunk's original and amended complaints, along with his affidavit specifying the infringed-upon copyrighted works, *see* Affidavit in Support of First Amended Complaint *located in* Appendix to Plaintiff's Response, it is clear that Fuhrmann and Seastrunk intended to assign to Seastrunk the right to bring accrued causes of action regarding the works in dispute. *National Association for Stock Car Auto Racing, Inc. v. Scharle*, 356 F. Supp. 2d 515, 523, 524 (E.D. Pa. 2005) (noting that § 204(a)'s writing requirement is a "lax one" and the requirement's underlying rationale is that the parties transferring copyright "understand precisely what they are bargaining for"); cf. *Pamfiloff v. Giant Records, Inc.*, 794 F. Supp. 933, 936 (N.D. Cal. 1992) (using the state's statute of frauds to determine if an assignment is sufficient to satisfy the § 204(a) writing requirement). See also *Lyrick Studios*, 420 F.3d at 394 (noting that "when courts have found the post-deal writing sufficient, the party

challenging the writing has been an alleged infringer who is an outsider to the deal" and citing *Billy-Bob Teeth*, 329 F.3d at 590 (rival novelty tooth manufacturer); *Magnuson*, 85 F.3d at 1427 (unauthorized distributor); *Eden Toys*, 697 F.2d at 30-31 (manufacturer of a nightshirt with a similar print to licensed one); *Kaplan Company, Inc. v. Panaria International, Inc.*, No. 96-Civ.-7973, 1998 WL 603225, at *2 (S.D.N.Y. Sept. 11, 1998) (infringing third-party manufacturer)); *American Decorative Fabrics, LLC v. Nichols*, No. 1:03-CV-646, 2006 WL 1422512, at *3 (N.D. Miss. May 16, 2006) (noting decisions of other circuits and holding that § 204(a)[3] "exists only to protect copyright holders from persons mistakenly or fraudulently claiming an oral license and that lack of a written agreement should not be available as a defense to copyright infringement claims where the copyright holder and the assignee are in agreement"). There has been no evidence presented that Fuhrmann disagrees with Seastrunk's interpretation of the assignment as presented in Seastrunk's affidavit; because the author and assignee are in agreement regarding the assignment, the assignee has standing to claim against a third-party infringer.[4] Taking Seastrunk's

---

[3] Although *American Decorative Fabrics* cites § 204(b), the court assumes that § 204(a) was intended. *Compare* 17 U.S.C. § 204(a) ("A transfer of copyright ownership, other than by operation of law, is not valid unless an instrument of conveyance, or a note or memorandum of the transfer, is in writing and signed by the owner of the rights conveyed . . .") *with* 17 U.S.C. § 204(b) ("A certificate of acknowledgment is not required for the validity of a transfer, but is prima facie evidence of the execution of the transfer . . .").

[4] The defendants have argued that they remain liable to suit from Fuhrmann should the court determine that the assignment is sufficient and

complaint as true -- as the court must in a facial attack on Seastrunk's standing -- the court concludes that the defendants' motion to dismiss on this ground must be denied.[5]

### B. Dismissal for Failure to State a Claim Upon Which Relief Can Be Granted Under Rule 12(b)(6)

Having determined that Seastrunk has standing to bring suit against the defendants, the court now moves to the next issue: whether Seastrunk's complaint should be dismissed for failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). There are two primary principles that guide the court's determination of whether dismissal under Rule 12(b)(6) should be granted. First, a motion under Rule 12(b)(6) should be granted only if it appears beyond doubt that the nonmovant

---

Fuhrmann later disputes his agreement with Seastrunk. Reply at 5-6. For the purposes of standing, the court concludes that Fuhrmann transferred his rights to Seastrunk. However, should this determination later be shown to be inaccurate, it can be contested later in the proceedings. See *Bankston v. Burch*, 27 F.3d 164, 167 (5th Cir. 1994) (objections to standing are jurisdictional and can be raised at any time). For now, Seastrunk is the party in interest and may proceed with this suit against the defendants.

[5] The defendants argue that because Fuhrmann and Seastrunk did not identify the infringed works with precisely the same language in all relevant documents, the assignment was neither express nor explicit. Motion at 5-6. However, as described above, the facial attack of the plaintiffs standing in combination with the lax writing requirement, all documents involved, and the fact that a third-party infringer is challenging the assignment, indicate that the author and assignee agree as to the identity of the assigned works and the rights attached.

could prove no set of facts in support of his claims that would entitle him to relief. *Conley v. Gibson*, 335 U.S. 41, 45-46 (1957); *Leffall v. Dallas Independent School District*, 28 F.3d 521, 524 (5th Cir. 1994); see also *Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE: CIVIL § 1357 at 598 (1969), for the proposition that "the motion to dismiss for failure to state a claim is viewed with disfavor and is rarely granted"), *cert. denied*, 459 U.S. 1105 (1983). Second, the court must accept all well-pleaded facts as true and view them in the light most favorable to the nonmovant. *Capital Parks, Inc. v. Southeastern Advertising and Sales System, Inc.*, 30 F.3d 627, 629 (5th Cir. 1994); *Norman v. Apache Corporation*, 19 F.3d 1017, 1021 (5th Cir. 1994); *Chrissy F. by Medley v. Mississippi Department of Public Welfare*, 925 F.2d 844, 846 (5th Cir. 1991). However, conclusory allegations and unwarranted factual deductions will not suffice to prevent a motion to dismiss. *United States ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).

     If it appears that a more carefully drafted pleading might state a claim upon which relief could be granted, the court should give the claimant an opportunity to amend his claim rather than dismiss it. *Friedlander v. Nims*, 755 F.2d 810, 813 (11th Cir. 1985); *Taylor v. Dallas County Hospital District*, 976 F.Supp. 437, 438 (N.D. Tex. 1996). Furthermore, leave to amend a pleading should be freely given and should be granted unless there is some justification for refusal. *Willard*, 336 F.3d at 386.

Here, the defendants assert three grounds for dismissal under Rule 12(b)(6): 1) there was no explicit transfer of any assignments or right to sue for past infringement for the works in question; 2) the plaintiff failed to sufficiently identify which copyrighted works upon which the plaintiff is suing; and 3) the plaintiff's claim of conversion is preempted by the Copyright Act. Motion at 9-10.

As the court concluded above, the assignment is sufficient to transfer to Seastrunk Fuhrmann's right to bring accrued causes of action for copyright infringement. This is not a motion for summary judgment -- in accordance with the liberal notice pleading standards of Rule 8, as long as the plaintiff is able to assert claims that may be proved at trial, he can survive this motion to dismiss. See *Salerno v. City University of New York*, 191 F. Supp. 2d 352, 356 (S.D.N.Y. 2001) (noting that there is no heightened pleading requirement for copyright claims). Here, the plaintiff has sufficiently identified in his complaint the contested works that were allegedly infringed by the defendants. Since the copyright registrations are attached to the complaint, the defendants are on notice of the works allegedly infringed. See *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 188 (D.D.C. 2005) (citing *Home & Nature Inc. v. Sherman Specialty Company, Inc.*, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004), and noting that a complaint properly identifies work that is protected under copyright law by listing copyright registration numbers issued by the United States that correspond to each item of copyrighted material, annexing copies of copyright registrations, and

stating that defendant has infringed upon one or more of these works). The fact that the plaintiff identified the works in copyright registrations by different names than those used in the complaint is of little consequence -- the registrations inform the defendants which works are protected and allegedly infringed. Further, by attempting to clarify any confusing language in the amended assignment through an affidavit submitted in response to the defendants' motion to dismiss, any possible discrepancy has been dispelled. *See* Appendix. The defendants know which works are protected, which works have allegedly been infringed, and what was assigned to Seastrunk -- any further confusion can be clarified through discovery. The motion to dismiss on this ground is denied.

Regarding Seastrunk's conversion claim, the amended complaint alleges that the two copyrighted works "are the personal property of Plaintiff" and the defendants "have wrongfully exercised dominion and control over the [copyrighted works]." Amended Complaint at 9. The defendants contend that this conversion claim is preempted by federal copyright law. Motion at 10. Fifth Circuit law specifies a test to determine when state law claims are preempted by federal copyright law. See *Daboub v. Gibbons*, 42 F.3d 285, 288-89 (5th Cir. 1995). First, the court determines whether the claim falls "within the subject matter of copyright" as defined by 17 U.S.C. § 102. *Daboub*, 42 F.3d at 289. If it does, the court proceeds to the next step wherein it examines whether "the cause of action . . . protects rights that are

'equivalent' to any of the exclusive rights of a federal copyright, as provided in 17 U.S.C. § 106." *Id*. If the plaintiff is merely alleging acts of copying, such a claim is completely preempted. *Gemcraft Homes, Inc. v. Sumurdy*, 688 F. Supp. 289, 295 (E.D. Tex. 1988). On the other hand, if there is evidence or an allegation that the defendant wrongfully physically deprived the plaintiff of his property -- rather than merely depriving the plaintiff of an intangible copyright -- there will be no finding of equivalency and the state law claim is not preempted. *Dorsey v. Money Mack Music, Inc.*, 304 F. Supp. 2d 858, 866 (E.D. La. 2003) (citing *Taquino v. Teledyne Monarch Rubber*, 893 F.2d 1488, 1501 (5th Cir. 1990)).

Here, Seastrunk's claim falls squarely within the subject matter of copyright law: computer software. However, insofar as Seastrunk's allegation is that the defendants withheld his software in its tangible forms, his conversion claim fails the second part of the test and is therefore not preempted by federal copyright law. See *Carson v. Dynegy, Inc.*, 344 F.3d 446, 456-57 (5th Cir. 2003) (finding that plaintiff's conversion claim alleging that defendant wrongfully withheld plaintiff's software in its tangible forms was not preempted by federal copyright law). It should be noted, though, that to the extent that Seastrunk is merely alleging conversion involving intellectual property rights, *i.e.*, wrongful use, distribution, or copying of his software, his claim is preempted. Accordingly, the defendant's motion on this ground is granted in part and denied in part.

III. CONCLUSION

For the reasons stated above, the defendants' motion is **DENIED** on all grounds, with the exception that it is **GRANTED** insofar as the plaintiff is asserting a cause of action for conversion of intellectual property rights.

**SO ORDERED**.

July 10, 2006.

_____
A. JOE FISH
CHIEF JUDGE