IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CURTIS TREY SEASTRUNK, | § | |
| Plaintiff/Counter-Defendant, | § | |
| v. | § | |
| DARWELL INTEGRATED TECHNOLOGY, INC., | § | |
| Defendant/Counter-Plaintiff, | § | |
| DTS INTERNATIONAL INC., d/b/a DARWELL TECHNOLOGY SYSTEMS, | § | |
| Defendant. | § | Civil Action No. 3:05-CV-0531-BF |
| | § | ECF |
| DARWELL INTEGRATED TECHNOLOGY, INC., | § | |
| Third Party Plaintiff, | § | |
| v. | § | |
| CURTIS TREY SEASTRUNK and SITE MONITORING SOLUTIONS, INC., | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Pursuant to the District Court's Order of Transfer (doc. 35), this is now a consent case before the United States Magistrate Judge. Before the Court is Plaintiff's and Third Party Defendant's Motion for Combined Traditional and No Evidence Motions for Summary Judgment (doc. 108). Defendant Darwell Integrated Technology, Inc. ("DIT") filed a response on December 20, 2007

1

(doc. 111). Plaintiff Curtis Trey Seastrunk ("Seastrunk") filed his reply on January 10, 2008 (doc. 113). DIT filed a response to Seastrunk's reply brief (doc. 115.) Seastrunk objected to this response because it was not filed in accordance with Local Rule 7.1. Because Seastrunk did not obtain leave of the Court to file a sur-reply, the Court will not consider DIT's response to Seastrunk's reply.

## BACKGROUND

Seastrunk brought this action against DIT for copyright infringement. Daniel Fuhrmann ("Fuhrmann") created two source codes known as the Liebert Protocol Convertor ("Convertor") and the Protocol Board Addressing Decode ("Decode"). (Pl.'s Am. Compl. at 3.) On August 8, 2004, Fuhrmann executed an Agreement for Assignment of Copyright and assigned the copyright to the Convertor and the Decode to Seastrunk. (*Id.*) This agreement was clarified through an amended agreement on August 17, 2005. (*Id.*) Seastrunk registered the copyright for the Convertor on September 20, 2004 and registered the Decode on January 13, 2005. (*Id.* at 3–4.) Seastrunk claims that DIT is infringing his copyright by using the Convertor and the Decode in DIT's site monitoring programs. (Pl.'s Br. Summ. J. at 5.) Seastrunk has moved for summary judgment on his copyright claim against DIT and on all of DIT's counterclaims against Seastrunk.

## STANDARD OF REVIEW

The Court should only grant summary judgment if there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmovant bears the burden of proof at trial, the summary judgment movant may satisfy his burden by pointing to the absence of evidence supporting the nonmovant's case. *Id.* At this point, the nonmovant must show that summary judgment is not appropriate by going beyond the pleadings to demonstrate "specific facts showing that there is a

genuine issue for trial." *Id.* Mere conclusory allegations or denials unsupported by specific facts are not enough. *Id.* Courts ruling on summary judgment motions "must review all of the evidence in record, but make no credibility determinations or weigh any evidence." *Peel &Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001). "In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the [fact finder] is not required to believe, and should give credence to evidence favoring the nonmoving party as well as to evidence supporting the moving party that is uncontradicted and unimpeached." *Id.*

## ANALYSIS

Seastrunk's motion contains two types of summary judgment. First, Seastrunk seeks "traditional" summary judgment against DIT on copyright infringement and on DIT's counterclaims of copyright infringement and trademark infringement. Second, Seastrunk contends that his "no evidence" motion for summary judgment should be granted on DIT's remaining counterclaims. The Court will first consider Seastrunk's "no evidence" motion for summary judgment.

### A. "No Evidence" Summary Judgment

Seastrunk argues that summary judgment is proper on DIT's claims for conversion, breach of fiduciary duty, Texas Theft Liability Act, copyright infringement, trade secret misappropriation, civil conspiracy, tortious interference with existing contracts, unfair competition, trademark infringement, and temporary restraining order because there is no evidence that supports these claims. In support of his motion, Seastrunk lists the elements of the above mentioned claims and then states that "there is no evidence to support any of these essential elements, and the Seastrunk Parties are entitled to summary judgment on the DIT parties' [claims]." (*See* Pl.'s Br. Summ. J. at 12–16.) Seastrunk contends that a "no evidence" summary judgment motion differs from the

"traditional" summary judgment motion. Seastrunk asserts that listing the elements and stating that there is no evidence to support the elements satisfies his burden of proof for a "no evidence" summary judgment motion, and that the burden shifts to DIT to present specific evidence showing a genuine issue of material fact.

The Court does not recognize two distinct types of summary judgment. As stated above, summary judgment should only be granted if there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Seastrunk correctly notes that "the moving party may support its motion for summary judgment by submitting evidence in an attempt to negate an essential element of the non-movant's claim or by pointing out that there is no evidence to support an essential element of the non-movant's claim." (Pl.'s Br. Summ. J. at 11 (citing *Shaw v. Broadcast.com, Inc.*, No. 3:98-CV-2017-P, 2005 WL 2095770, *2 (N.D. Tex. August 30, 2005).) However, while the court in *Shaw* at one point refers to the motion as a "no-evidence motion for summary judgment," the court is merely distinguishing between a moving party who submits evidence to negate an essential element and one who points out that there is no evidence to support an essential element by directing the court to "portions of the record that demonstrate such an absence." *Shaw*, 2005 WL 2095770, *2. The *Shaw* court, in using this language, is not creating a second type of summary judgment; it merely provides the party with a choice of how to prove there is no genuine issue of material fact.

Moreover, the sentence preceding the one Seastrunk quoted from *Shaw* elaborates on the movant's burden when pointing out that there is no evidence supporting an essential element. The court in *Shaw* states, "[t]he moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue of fact for trial, and of identifying those

4

portions of the record that demonstrate such an absence." *Id.* The moving party, therefore, must point to evidence in the record that shows there is no evidence to support one or all of the essential elements of the non-moving party's claim. There is a difference between pointing out that there is no evidence by making a conclusory assertion and pointing out there is no evidence by discussing what the record shows. In other words, the moving party must show that the evidence currently in the record does not show a genuine issue of material fact. It is only after this is shown that the moving party satisfies its burden, and the burden shifts to the non-moving party to go beyond the pleadings to provide additional evidence demonstrating a genuine factual dispute.

Seastrunk also cites to the court's decision in *Freeman v. Jackson*, No. 4:06-CV-516-A, 2007 WL 2219440 (N.D. Tex. Aug. 1, 2007) to support the concept of a distinct "no evidence summary judgment" standard. The court, in *Freeman*, also states that the moving party can "discharge its burden by pointing out the absence of evidence to support one or more essential elements of the non-moving party's claim 'since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'" *Freeman*, 2007 WL 2219440, *2 (citing *Celotex Corp.*, 477 U.S. at 323–25). However, like *Shaw*, the court did not create a new summary judgment standard. The moving party, while not needing to produce evidence, must at least identify portions of the record that demonstrate an absence of evidence. It is not sufficient to merely list the elements of the claim and state that there is no evidence to support the elements. This is the type of conclusory assertion the court has said would not satisfy the summary judgment burden. Seastrunk, in doing so, fails to meet the initial burden required of the moving party in a motion for summary judgment. Accordingly, Plaintiff's No Evidence Motion for Summary Judgment on Defendant's claims for conversion, breach of fiduciary duty, Texas Theft

5

Liability Act, copyright infringement, trade secret misappropriation, civil conspiracy, tortious interference with existing contracts, unfair competition, trademark infringement, and temporary restraining order is **DENIED**.

### B. "Traditional" Summary Judgment

Seastrunk also contends that summary judgment is proper on Seastrunk's copyright infringement claim against DIT and DIT's copyright and trademark claims against Seatrunk. Instead of listing the elements of copyright infringement and asserting there is no evidence, Seastrunk refers to the evidence directly and argues that no genuine issue of material fact exists on any of the elements.

#### 1. Seastrunk's Copyright Infringement Claim against DIT

In order to prevail on a claim for copyright infringement, the plaintiff must prove (1) ownership of a valid copyright and (2) that "the defendant copied constituted elements of the plaintiff's work that are original." *Sony Pictures Home Ent'm, Inc. v. Lott*, 471 F. Supp. 2d 716 (N.D. Tex. 2007). Because direct evidence of copying is not often available, "factual copying may be inferred from (1) proof that defendant had access to copyrighted work prior to creation of infringing work and (2) probative similarity." *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001). "To determine whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Id.* "Although this question typically should be left to the factfinder, summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarities of ideas and expression." *Id.*

In considering whether Seastrunk owns a valid copyright, there seems to be some confusion over what exactly Seastrunk claims DIT infringed. Seastrunk contends that DIT infringed two copyrighted pieces of code known as the Decode and the Convertor. As proof of copyright ownership for the Decode and Convertor, Seastrunk points to its Certificates of Registration. DIT does not appear to challenge the validity of the Certificates of Registration, and Seastrunk does not claim to have ownership beyond what is registered by these certificates. Therefore, the Court finds that Seastrunk owns a valid copyright for the source code listed in the certificates of registration.

After showing ownership of a valid copyright, Seastrunk must prove that DIT violated that copyright by making unauthorized copies of the protected work. Seastrunk contends that the Convertor is used with DIT's site monitoring programs called MiCore, ProCore, and Beacon. (Pl.'s Br. Summ. J. at 5.) Seastrunk also claims that DIT uses the Decode with its site monitoring program Beacon. (*Id.*) DIT does not dispute that it uses the site monitoring programs MiCore, ProCore, and Beacon. (*Id.* at Ex. 3, App. 37.) There is also no dispute that DIT obtained MiCore and SitePro from DIT employees who had previously worked for DTS and brought the software to DIT. (*Id.* at Ex. 3, App. 30.) The dispute, therefore, centers around whether these programs contain the Convertor and Decode. Seastrunk, in his reply brief, claims that it is unnecessary to determine if there is a substantial similarity between the Convertor and Decode and the source codes used in DIT's site monitoring programs because DIT committed comprehensive literal copying of the Convertor and Decode. In support of this argument, Seastrunk offers his own affidavit in which he states that he "burned parts of the Fuhrmann Code, including the Convertor and the Decode, onto computer boards to be used in site monitoring products and equipment." (*Id.* at Ex. 2, App. 5.)

This evidence, however, is contradicted by DIT's corporate representative, Sheila Darisse.

7

Ms. Darisse, in her deposition, was asked if DIT claims any rights to the code written by Mr. Fuhrmann. (*Id.* at Ex. 3, App. 38.) Ms. Darisse responded that DIT does not use the code, and that she did not believe they claimed any right to it. (*Id.*) Under further questioning, Ms. Darisse was asked if she had any knowledge as to whether the code written by Mr. Fuhrmann was included in any of the code brought to DIT by former DTS employees. (*Id.*) Ms. Darisse stated that she did not have any knowledge of that. (*Id.*) While this may affect Ms. Darisse's credibility, it does not change the fact that genuine issues of material fact exist. The Court's role on summary judgment is not to weigh the evidence or determine credibility. A reasonable trier of fact could believe Ms. Darisse and find that the protected codes are not included in the site monitoring programs. Accordingly, the Court finds that there is a question of material fact as to whether DIT directly copied Seastrunk's protected work in its site monitoring programs.

While Seastrunk claims that it is unnecessary to show indirect copyright infringement because, as stated above, he believes there is sufficient evidence of comprehensive literal copying, Seastrunk offers evidence of indirect copying as well. Accordingly, because the Court finds that there is a genuine issue of material fact regarding comprehensive literal copying, the Court will consider whether Seastrunk can succeed on his motion for summary judgment by showing indirect copying. Seastrunk argues that the expert report and affidavit of Steve Widom ("Widom") shows indirect copying by DIT. Widom, in his report and affidavit, states that after reviewing the confidential codes of both parties, it is his expert opinion that there is a substantial similarity between the codes and that the code produced by DIT was copied from the code produced by Seastrunk. (Pl.'s Br. Summ. J. at Ex. 1, App. 2.) Widom also states that it was unnecessary to obtain the specific subdirectory locations for the Convertor or Decode to determine that there was

8

a substantial similarity between the Seastrunk's and DIT's codes. (*Id.*)

DIT disputes Widom's findings and opinion that there is a substantial similarity between the codes and that DIT copied Seastrunk's code. In support of this argument, DIT offers the rebuttal report of Professor Judy Etchison ("Etchison"). (Def.'s Resp. Ex. 9.) It is Etchison's opinion that Widom disregarded extensive dissimilarities between the two codes and used criteria not generally accepted in the computer industry in forming his opinion about any similarities between the two codes. (*Id.*) Etchison claims that Widom failed to take into account the real reasons for the similarities, which are "hardware requirements, functional requirements, well-known programming constructs, and industry standards of business." (*Id.* at 9.) Moreover, Etchison states that Widom's report includes a comparison of source codes that are not within the scope of this case. (*Id.* at 5.) As stated earlier, the trier of fact is usually responsible for determining substantial similarity. This question is only taken from the fact finder when no reasonable trier of fact could find otherwise. A reasonable fact finder could find that Seastrunk failed to prove indirect copying.

The conflicting expert opinions create a genuine issue of material fact as to whether there is substantial similarity between Seastrunk's and DIT's code. Because a genuine issue of material fact remains as to whether DIT engaged in comprehensive literal copying of Seastrunk's copyright, and whether the codes are substantially similar, the Court **DENIES** Seastrunk's motion for summary judgment on Seastrunk's copyright infringement claim.

### 2. DIT's Copyright Claim against Seastrunk

Seastrunk also claims to be entitled to summary judgment on DIT's copyright claim against Seastrunk. Seastrunk does not challenge the validity of DIT's copyright, but argues that Ms. Darisse, DIT's corporate representative, admitted in her deposition that DIT is unaware of any

9

similarities between Seastrunks's code and DIT's code. (*See* Pl.'s Br. Summ. J. at Ex. 6, App. 46.) In response to this motion, DIT argues that Ms. Darisse is unable to identify similarities between Seastrunk's code and DIT's code because she does not have access to Seastrunks's code due to the April 27, 2007 protective order entered by this Court. DIT claims that if the same question was asked to Seastrunk, he also would not be able to identify the similarities between the two codes. As a result, DIT contends that Seastrunk has not pointed to the absence of a genuine issue of material fact, which would shift the burden to DIT. The Court agrees. Ms. Darisse's "opinion" was not put into a context that would allow her to know the appropriate legal standard for evaluating whether the source codes were substantially similar. Seastrunk failed to meet its initial burden of showing that there is no genuine issue of material fact. Accordingly, Seastrunk's motion for summary judgment on DIT's copyright claim is **DENIED.**

### 3. Trademark Infringement

Finally, Seastrunk also claims that he is entitled to summary judgment on DIT's trademark infringement claim. DIT has admitted that it does not claim a trademark in Site Monitoring Solutions, and therefore, has abandoned its claim. Accordingly, the Court **GRANTS** Seastrunk's motion for summary judgment on DIT's trademark infringement claim because there is no genuine issue of material fact.

### CONCLUSION

For these reasons, the Court **DENIES** Seastrunk's motion for summary judgment regarding DIT's claims for conversion, breach of fiduciary duty, Texas Theft Liability Act, copyright infringement, trade secret misappropriation, civil conspiracy, tortious interference with existing contracts, unfair competition, trademark infringement, and temporary restraining order . Moreover,

the Court **DENIES** Seastrunk's motion for summary judgment on his copyright infringement claim against DIT and on DIT's copyright infringement claim against Seastrunk. Finally, the Court **GRANTS** Seastrunk's motion for summary judgment on DIT's trademark infringement claim and dismisses this claim with prejudice.

    **SO ORDERED.** January 22, 2008.

                                                        PAUL D. STICKNEY
                                                        UNITED STATES MAGISTRATE JUDGE