# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION



CURTIS TREY SEASTRUNK, §
§
    Plaintiff/Counter-Defendant, §
§
v. §
§
DARWELL INTEGRATED §
TECHNOLOGY, INC., §
§
    Defendant/Counter-Plaintiff, §
§
DTS INTERNATIONAL INC., d/b/a §
DARWELL TECHNOLOGY SYSTEMS, §
§
    Defendant. §
§
_____ §   Civil Action No. 3:05-CV-0531-BF(G)
§   ECF
DARWELL INTEGRATED §
TECHNOLOGY, INC., §
§
    Third Party Plaintiff, §
§
v. §
§
CURTIS TREY SEASTRUNK and §
SITE MONITORING SOLUTIONS, §
INC., §
§
    Defendants. §

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

FEB 2 2 2008

CLERK, U.S. DISTRICT COURT
By _____
          Deputy

## <u>MEMORANDUM OPINION AND ORDER</u>

Pursuant to the District Court's Order of Transfer (doc. 35), this is now a consent case before

the United States Magistrate Judge. Before the Court is Defendant/Third Party Plaintiff's, Darwell

Integrated Technology, Inc. ("DIT"), Counter Motion for Traditional Summary Judgment (doc. 111).

Plaintiff Curtis Trey Seastrunk ("Seastrunk") objected to this motion on January 10, 2008. (Doc.

1

113). The Court denied this objection on February 1, 2008 and allowed Defendant to proceed with its motion for summary judgment. After being granted leave by the Court, Plaintiff filed a response to Defendant's motion on January 30, 2008. (Doc. 123.)

## BACKGROUND

Seastrunk brought several claims against DIT, including copyright and trademark infringement. Seastrunk claims that DIT copied two protected source codes. These codes were created by Daniel Fuhrmann ("Fuhrmann") and are known as the Liebert Protocol Convertor ("Convertor") and the Protocol Board Addressing Decode ("Decode"). (Pl.'s Am. Compl. at 3.) On August 8, 2004, Fuhrmann executed an Agreement for Assignment of Copyright and assigned the copyright to the Convertor and the Decode to Seastrunk. (*Id.*) This agreement was clarified through an amended agreement on August 17, 2005. (*Id.*) Seastrunk registered the copyright for the Convertor on September 20, 2004 and registered the Decode on January 13, 2005. (*Id.* at 3–4.) Seastrunk claims that DIT is infringing his copyright by using the Convertor and the Decode in DIT's site monitoring programs. (Pl.'s Br. Summ. J. at 5.) Seastrunk also claims to have a protected trademark in the phrase "Site Monitoring Solutions" and argues that DIT is infringing the mark.

On January 22, 2008, the Court entered a memorandum opinion and order denying Seastrunk's motion for summary judgment on his copyright infringement claim and on all but one of DIT counterclaims. DIT indicated that it no longer intended to pursue its trademark infringement claim. Therefore, the Court granted Seastrunk's motion for summary judgment on DIT's trademark infringement claim. DIT now moves for summary judgment on Seastrunk's copyright and trademark infringement claims.

2

## STANDARD OF REVIEW

The Court should only grant summary judgment if there is "no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the nonmovant bears the burden of proof at trial, the summary judgment movant may satisfy his burden by pointing to the absence of evidence supporting the nonmovant's case. *Id.* At this point, the nonmovant must show that summary judgment is not appropriate by going beyond the pleadings to demonstrate "specific facts showing that there is a genuine issue for trial." *Id.* Mere conclusory allegations or denials unsupported by specific facts are not enough. *Id.* Courts ruling on summary judgment motions "must review all of the evidence in record, but make no credibility determinations or weigh any evidence." *Peel &Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001). "In reviewing all the evidence, the court must disregard all evidence favorable to the moving party that the [fact finder] is not required to believe, and should give credence to evidence favoring the nonmoving party as well as to evidence supporting the moving party that is uncontradicted and unimpeached." *Id.*

## ANALYSIS

DIT first seeks summary judgment on Seastrunk's copyright infringement claim. In order to prevail on a claim for copyright infringement, the plaintiff must prove (1) ownership of a valid copyright and (2) that "the defendant copied constituted elements of the plaintiff's work that are original." *Sony Pictures Home Ent'm, Inc. v. Lott*, 471 F. Supp. 2d 716 (N.D. Tex. 2007). Because direct evidence of copying is not often available, "factual copying may be inferred from (1) proof that defendant had access to copyrighted work prior to creation of infringing work and (2) probative similarity." *Peel & Co., Inc. v. The Rug Market*, 238 F.3d 391, 394 (5th Cir. 2001). "To determine

whether an instance of copying is legally actionable, a side-by-side comparison must be made between the original and the copy to determine whether a layman would view the two works as 'substantially similar.'" *Id.* "Although this question typically should be left to the factfinder, summary judgment may be appropriate if the court can conclude, after viewing the evidence and drawing inferences in a manner most favorable to the nonmoving party, that no reasonable juror could find substantial similarities of ideas and expression." *Id.*

In its motion for summary judgment, DIT contends that Seastrunk is unable to show that a side by side comparison demonstrates that the protected source code and the allegedly infringing code are substantially similar. In support of this argument, DIT challenges the credibility of Seastrunk's expert, Steve Widom ("Widom"). After examining the two codes, Widom found that there was a substantial similarity between the codes. In order to reach this conclusion, Widom stated that knowledge of the Covertor and Decode's subdirectories were unnecessary. (DIT's Counter Mot. Summ. J. at 32–33.) DIT contends that a side by side comparison cannot be made without identifying these subdirectories. (*Id.* at 33.) DIT also offers its own expert report from Professor Judy Etchison ("Etchison"), which criticizes the standards used by Widom and states that DIT's code does not infringe Seastrunk's code.

The Court, in its opinion denying Seastrunk's motion for summary judgment, has already addressed this issue. Widom, in his report and affidavit, states that after conducting a comparison of the two codes he found that the two are substantially similar. DIT's expert questions the standards employed in arriving at this conclusion and determined that no infringement exists. While Seastrunk has the burden of proving that there is a substantial similarity at trial, the conflicting expert opinions create a genuine issue of material fact as to whether a side by side comparison demonstrates

substantial similarity between the two codes. This decision should be decided by the trier of fact, not on summary judgment.

DIT next argues that summary judgment is appropriate on Seastrunk's trademark infringement claim. The threshold issue in a trademark infringement action is whether the phrase is "initially registerable or protectable." *Zatarains, Inc. v. Oak Grove Smokehouse, Inc.*, 698 F.2d 786, 790 (5th Cir. 1983). Descriptive terms are not protectable as trademarks, unless they acquire a secondary meaning in the minds of consumers. *Id.* Seastrunk claims that DIT is infringing its trademark in the phrase "Site Monitoring Solutions." DIT presented evidence that on November 10, 2006, it filed with the United States Patent and Trademark Office for a word mark on "Site Monitoring Solutions." The examining attorney found, in a non-final office action filed March 29, 2007, that the term "Site Monitoring Solutions" is a descriptive mark, not capable of trademark protection. Seastrunk, in his response to DIT's motion, has not presented the Court with any evidence regarding his trademark infringement claim. Moreover, he has not attempted to contradict DIT's assertion that "Site Monitoring Solutions" is descriptive and cannot be protected. Accordingly, Seastrunk has not met his burden by setting forth specific facts showing that there is a genuine issue for trial.

## CONCLUSION

For these reasons, DIT's motion for summary judgment is **DENIED in part** and **GRANTED in part**. The Court **DENIES** summary judgment on Seastrunk's copyright infringement claim, and **GRANTS** summary judgment on Seastrunk's trademark infringement claim. Accordingly, the Court

dismisses Seastrunk's trademark infringement claim with prejudice.

**SO ORDERED.** February 22, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE